**Affirmed and Memorandum Opinion filed July 24, 2025.**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00017-CV

**APPELLANT, ALL STAR IMPORTS, INC. D/B/A WORLD CAR MAZDA NORTH// CROSS-APPELLANT, MAZDA MOTOR OF NORTH AMERICA, INC. A/K/A MAZDA MOTOR OF AMERICA, INC.**

**V.**

**APPELLEES, BOARD OF THE TEXAS DEPARTMENT OF MOTOR VEHICLES, AND MAZDA MOTOR OF NORTH AMERICA, INC. A/K/A MAZDA MOTOR OF AMERICA, INC.// CROSS-APPELLEE, ALL STAR IMPORTS, INC. D/B/A WORLD CAR MAZDA NORTH**

**On Appeal from the 345th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-23-005034**

## MEMORANDUM OPINION

All Star Imports, Inc. (All Star), a motor vehicle dealership, and Mazda Motor of North America, Inc. (Mazda), by appeal and cross-appeal, challenge the district court's dismissal of their suit for judicial review of an order from the Board of the Texas Department of Motor Vehicles (the DMV Board, or the Board)

approving termination of All Star's dealership franchise with Mazda. The central issue before the district court, and now this Court on appeal, is whether the DMV Board timely acted on the parties' motions for rehearing, thereby retaining jurisdiction, or whether the motions instead were overruled by operation of law, rendering the Board's order final and appealable. Because we conclude that the DMV Board timely acted on the motions, we affirm the district court's judgment, dismissing the suit for lack of jurisdiction.

## BACKGROUND

Under Texas law, a motor vehicle manufacturer cannot terminate a dealership franchise without written notice to the dealer and the DMV Board, and either (1) the dealer's written consent, (2) the dealer's failure to protest within the statutory period, or (3) a finding of good cause for termination by the DMV Board. Tex. Occ. Code § 2301.453(a)(1)-(3). In late 2018, Mazda took steps to terminate its dealership franchise agreement with All Star. Mazda did so by providing All Star with a written notice of intent to terminate the franchise and stating the grounds for the proposed termination. *See id.* § 2301.453(c).

In response, All Star timely filed a protest of the termination with the DMV Board. *See id.* § 2301.453(e). All Star's protest required the Board to schedule a hearing to determine whether good cause existed for termination, *see id.* § 2301.453(e)-(g), and the Board referred the case to the State Office of Administrative Hearings (SOAH), *see id.* § 2301.704(a). Following a five-day hearing, the SOAH Administrative Law Judge (ALJ) issued a Proposal for Decision (PFD). *See id.* § 2301.704(b)(8).

On June 14, 2023, after considering the parties' competing exceptions to the PFD, the DMV Board issued a final order (the June 2023 Order, or the Order). In the Order, the Board adopted most of the ALJ's findings of fact and conclusions of

2

law, including a finding that Mazda had established good cause for termination. Consequently, the Board denied All Star's protest and approved the proposed termination of All Star's franchise.

All Star and Mazda then each filed timely motions for rehearing with the agency, as permitted by the Texas Administrative Procedure Act (APA). *See* Tex. Gov't Code § 2001.146(a) (providing that motion for rehearing in contested case must be filed "not later than the 25th day after the date the decision or order that is the subject of the motion is signed"); *see also id.* § 2001.145 (providing that timely filed motion for rehearing is generally prerequisite to appeal). On August 9, 2023, the DMV Board Chairman, on behalf of the Board, signed a written order granting both motions for rehearing. *See id.* § 2001.141(a) (decision or order of agency "must be in writing and signed by a person authorized by the agency to sign the agency decision or order"). The next day, the DMV Board Chairman signed a "revised order granting rehearing," adding a paragraph to state that "[a] Board vote was taken as allowed under Texas Government Code, [Section] 2001.146(d), and a majority of board members voted on or before August 7, 2023, to grant each party's Motion for Rehearing."

All Star and Mazda then filed suit for judicial review of the DMV Board's June 2023 Order in district court. *See id.* § 2001.171 (providing for judicial review of final agency decision). In response, the Board filed a plea to the jurisdiction, asserting that the suit was not ripe and that, consequently, the district court lacked jurisdiction over the dispute. Specifically, the DMV Board argued that because it had granted the parties' motions for rehearing, the June 2023 Order was not final, and as a result, the Board retained jurisdiction over the dispute.

In its response to the plea, All Star stated that it did not disagree that the DMV Board had granted the motions for rehearing but that it filed its petition for

judicial review out of an abundance of caution.  All Star explained that because the DMV Board did not sign the order granting the motions for rehearing until more than 55 days after it had signed the June 2023 Order, it was concerned that the motions may have been "overruled by operation of law."  *See id*. § 2001.146(c) ("A state agency shall act on a motion for rehearing not later than the 55th day after the date the decision or order that is the subject of the motion is signed *or the motion for rehearing is overruled by operation of law*." (emphasis added)).  If so, All Star reasoned, the June 2023 Order would have become final and appealable on August 9, 2023.  *See id.* § 2001.144(a)(2) (providing that "if a motion for rehearing is timely filed," order becomes final when "the order overruling the latest filed motion for rehearing is signed" or "the latest filed motion for rehearing is overruled by operation of law").  As a result, All Star filed suit to ensure that it had preserved its right to judicial review.  *See id.* § 2001.176(a) (providing that petition for judicial review must be filed "not later than the 30th day after the date the decision or order that is subject of complaint is final and appealable").

After conducting a hearing on the plea to the jurisdiction, the district court granted the plea and dismissed the suit for lack of jurisdiction.[1]  In its order of dismissal, the district court stated, "[the DMV Board] granted the motions for rehearing in the underlying case . . . within the statutory period provided by Texas Government Code [Section] 2001.146(c), so that the motions for rehearing were not over[ruled] by operation of law."  All Star now appeals the district court's order of dismissal, asserting that "[t]his Court should decide whether the trial court was correct to side with the Board on this threshold jurisdictional argument."  By contrast, in its conditional cross-appeal, Mazda asserts that the district court erred

---

[1] Mazda did not file a written response to the plea to the jurisdiction but argued at the hearing that the June 2023 Order was final and appealable and requested that the district court deny the Board's plea.

4

in concluding that it lacked jurisdiction and that, on the merits, the Board's June 2023 Order should be reversed.

## STANDARD OF REVIEW

"A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Because whether a trial court has subject-matter jurisdiction is a question of law, we review a trial court's ruling on a plea to the jurisdiction de novo. *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021).

A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Texas Dep't of Transp. v. Self*, 690 S.W.3d 12, 19 (Tex. 2024). When a plea challenges the pleadings, we must determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Texas Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue raised. *Farmers Texas Cnty. Mut. Ins. v. Beasley*, 598 S.W.3d 237, 241 (Tex. 2020). Where, as in this case, the jurisdictional facts do not implicate the merits, and the evidence relevant to jurisdiction is undisputed, the court resolves the jurisdictional issue as a matter of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Statutory interpretation, including under the APA, likewise presents a question of law subject to de novo review. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). When construing a statute our primary objective is to determine and give effect to the Legislature's intent, relying first and foremost on the plain language of the text. *Janvey v. Golf Channel, Inc.*, 487 S.W.3d 560, 572 (Tex. 2016). We interpret statutory terms according to their ordinary meaning,

5

considering the statutory context in which the terms are used and in light of the statute as a whole. *Miles v. Texas Cent. R.R. & Infrastructure, Inc.*, 647 S.W.3d 613, 619 (Tex. 2022).

## DISCUSSION

The jurisdictional issue in this appeal, as it was before the district court, is whether the June 2023 Order is final and subject to judicial review. *See* Tex. Gov't Code §§ 2001.171, .176.

Section 2001.144 of the APA is titled "Decisions or Orders; When Final," and subsection (a)(2) provides that "if a motion rehearing is timely filed," a decision in a contested case is final when "the order overruling the latest filed motion for rehearing is signed," *or* when "the latest filed motion for rehearing is overruled by operation of law." *Id.* § 2001.144(a)(2). Section 2001.146 of the APA is titled "Motions for Rehearing: Procedures" and specifies when a motion for rehearing is overruled by operation law. Under subsection (c) of Section 2001.146:

> A state agency *shall act* on a motion for rehearing not later than the 55th day after the date the decision or order that is the subject of the motion is signed or the motion for rehearing is overruled by operation of law.

*Id.* § 2001.146(c) (emphasis added). In this case, the DMV Board signed the June 2023 Order—the "order that is the subject of [the parties'] motion[s for rehearing]"—on June 14, 2023. Thus, under Section 2001.146(c), the DMV Board was required to "act on [the parties'] motion[s] for rehearing" by August 8, 2023, to prevent the motions from being overruled by operation of law and, consequently, to prevent the June 2023 Order from becoming final pursuant to

6

Section 2001.144(a)(2). *Id.*

In support of its plea to the jurisdiction, the Board submitted a copy of the cover letter that the DMV Board attached to its revised order and sent to the parties. According to the cover letter, a majority of the DMV Board members voted to grant the motions for rehearing on or before August 7, 2023, but the "Order Granting Rehearing was not signed by the Board Chairman until August 9, 2023, due to technical difficulties in the department's clerical process of getting the order drafted, sent, and signed." In addition, the Board submitted copies of emails between the Board members and General Counsel, showing that a majority of the Board members voted by email to grant the motions on or before August 7, 2023. *See* Tex. Occ. Code § 2301.709(c) ("A majority vote of a quorum of the board is required to adopt a final decision or order of the board."). Because the DMV Board Chairman, on behalf of the Board, did not sign an order granting the motions for rehearing by August 8, 2023, the jurisdictional issue—whether the parties' motions for rehearing were overruled by operation of law—turns on whether the DMV Board's August 7 email vote constitutes an "act," as that term is used in Section 2001.146(c).

The APA expressly allows agency boards to remotely rule on motions for rehearing. Specifically, Subsection (d) of Section 2001.146 provides that, under certain circumstances, "the board may rule on a motion for rehearing at a meeting or by (1) mail, (2) telephone, (3) telegraph, or (4) another suitable means communication."[2] Tex. Gov't Code § 2001.146(d). Email, although not expressly

---

[2] Section 2001.146(d) of the Texas Government Code authorizes a board to rule using these alternative means when the board "includes a member who does not receive a salary for work as a board member and who resides outside of Travis County." Tex. Gov't Code § 2001.146(d). The DMV Board contends, and neither All Star nor Mazda disputes, that Board members do not receive a salary for their work and that several board members serving in 2023 resided outside of Travis County. *See* Tex. Transp. Code § 1001.026; Tex. Gov't Code

listed as an acceptable substitute for a meeting, is a means of communication similar to those means of communication that are expressly listed, such that it plainly qualifies as "another suitable means of communication." Consequently, the DMV Board reasons that any ruling under subsection (d), including by email, constitutes an "act" under subsection (c). *Id*. Under this interpretation, the Board's vote, taken by email on August 7, 2023, qualifies as an "act on [the] motion[s] for rehearing" within the 55-day period.

In response, Mazda disagrees that the "email poll of the members of the Board" constitutes an "act," as that term is used in Section 2001.146(c). In Mazda's view, to "act on" a rehearing motion, the Board must "act as a body" by ruling on the motion at a meeting and then issuing a written, signed order by the 55-day deadline. Under Mazda's interpretation, because the Board did not "act" by signing an order granting the motions for rehearing within 55-days, the motions were overruled by operation of law on August 9, 2023, and the June 2023 Order became final on that date. Based on the plain language of the APA, we disagree.

In interpreting the APA's use of the term "act" in Section 2001.146(c), we look to the plain language of the statute and in the context of the APA's deadlines and processes. *See In re Panchakarla*, 602 S.W.3d 536, 540 (Tex. 2020). In doing so, we start by noting that the APA specifically uses the term "sign" or "signed" in several provisions. For example, Section 2001.141(a) requires that agency decisions and orders in a contested case that may become final and appealable must "be *in writing and signed* by a person authorized by the agency to sign the agency decision or order." Tex. Gov't Code § 2001.141(a) (emphasis added). In addition, as previously discussed, Section 2001.144(a)(2)(A) provides that when a motion for rehearing is filed, a decision or order in a contested case will become

§ 322.007.

8

final "on the date the order overruling the latest filed motion for rehearing is *signed*." *Id.* § 2001.144(a)(2)(A) (emphasis added). Similarly, "when an order on a motion for rehearing is *signed*, a state agency shall deliver or send a copy of the decision or order to each party." *Id.* § 2001.142(b) (emphasis added). Finally, Section 2001.146(c) itself uses the word "signed" to specify that the 55-day period for acting on a motion for rehearing begins to run from the date the "decision or order that is the subject of the motion is *signed*." *Id.* § 2001.146(c) (emphasis added).

The deliberate choice of different words in the APA is meaningful. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 12 (Tex. 2018). In construing statutes, courts presume that the Legislature "chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325–26 (Tex. 2017) (quoting *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)). Thus, the Legislature's use of different words in different parts of a statute implies different meanings, and context should control our interpretation of an undefined term. *See Harper*, 562 S.W.3d at 12. Had the Legislature intended that phrase "act on a motion for rehearing" in Section 2001.146(c) to mean that the Board must sign a written order on a motion for rehearing, it would have used the term "sign," as it has elsewhere in the APA. In addition, because the statute provides that an agency may, under certain circumstances present here, "rule on a motion for rehearing" by utilizing "suitable means of communication," we conclude that an in-person meeting is not required for an agency to "act on" a motion for rehearing,

Having concluded that no signature is required to form an "act," we must decide what that term means as used in the statute. Because "act" is not defined in

9

the APA, we must determine the term's "common, ordinary meaning." *See City of Richardson v. Oncor Elec. Delivery Co.*, 539 S.W.3d 252, 261 (Tex. 2018). When used as a verb, the term "act" commonly means, in part, "to represent or perform by action" and "to take action." *Act*, Merriam-Webster, Collegiate Dictionary 11 (1993). Similarly, Black's Law Dictionary states that an act is "[s]omething done or performed." *Act*, Black's Law Dictionary (12th ed. 2024). Consistent with this broad definition, we conclude that the term "act," in the context of an agency's consideration of a motion for rehearing under the APA, includes ruling on the motion. *See Cadena Comercial USA Corp.*, 518 S.W.3d at 327–28 ("When faced with a term that is so broad that it borders on being ambiguous, we look to the statutory context to limit the possible correct meanings."). In other words, an agency "takes action" on a motion for rehearing when it rules on it. Consequently, under the plain language of Section 2001.146, an agency board's ruling on a motion for rehearing—that is, the conducting of a vote on a motion—prevents the order that is the subject of the motion from becoming final by operation of law. While, in many instances, an agency will contemporaneously or subsequently memorialize its ruling in an order that is signed before the 55-day deadline, nothing in the plain language of Section 2001.146(c) requires that the order be signed within the 55-day period.

The undisputed evidence shows that (1) the Board signed the order that was the subject of the parties' motions for rehearing on June 14, 2023, and (2) on or before August 7, 2023, a majority of the Board members voted by email to grant the motions.[3] As a result, the Board "act[ed] on" the motions for rehearing before

---

[3] The DMV Board is composed of nine members, *see* Tex. Transp. Code § 1001.021, and the emails show that five members voted on the motions for rehearing and that all five members voted in favor of granting both motions, *see* Tex. Gov't Code § 311.013 ("[A] grant of authority to three or more persons as a public body confers the authority on a majority of the number of members fixed by statute.").

the 55-day deadline under Section 2001.146(c), and the parties' motions were not overruled by operation of law. The DMV Board's subsequent written order, signed on August 9, memorialized the Board's ruling on the motions, and the Board's August 10 revised order clarified that voting had occurred on or before the deadline. Because the undisputed evidence demonstrates that the DMV Board acted on the motions before the 55-day deadline, the motions were not overruled by operation of law. Instead, because the Board timely and effectively granted the motions for rehearing, the June 2023 Order is not final and appealable and the suit for judicial review is premature. The district court did not err in granting the DMV Board's plea to the jurisdiction.[4]

## CONCLUSION

We affirm the district court's order dismissing the suit for lack of jurisdiction.

/s/Scott K. Field

Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

---

[4] In its conditional cross-appellant's brief, Mazda asserts that the June 2023 Order is final and appealable and that, for several reasons, the Order should be reversed. Because we conclude that the district court correctly determined that it lacked jurisdiction to review the Order, we will not consider Mazda's arguments challenging the Order on the merits.

11